**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA  57501-2463

**IRVIN N. HOYT**                                                    TELEPHONE (605) 224-0560
BANKRUPTCY JUDGE                                                     FAX (605) 224-9020

April 3, 2006

Timothy T. Hogan, Esq.
Counsel for Debtors
Post Office Box 78
Brookings, South Dakota   57006-0078

Sherwood J. Franklin, D.V.M.
Brookings Animal Clinic
420 12th Street South
Brookings, South Dakota   57006

    Subject:  *In re Jerry W. and Sharon C. Richardson,*
                Chapter 7; Bankr. No. 05-42280

Dear Mr. Hogan and Dr. Franklin:

    The matter before the Court is Debtors' Motion for Order Directing Clerk of Courts to Discharge Judgments Voided in Bankruptcy and Brookings Animal Clinic's objection thereto.[1]  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying Order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, Debtors' Motion will be granted.

    *Summary.*  On October 13, 1993, Dr. Richard Kesler, apparently of Brookings Animal Clinic,[2] obtained a judgment against Jerry and Sharon Richardson in state court for $225.56.  On October 14, 2005, the Richardsons ("Debtors") filed a Chapter 7 petition in bankruptcy.

    On October 16, 2005, the Bankruptcy Clerk served notice of the commencement of the case on Debtors' creditors, including Dr. Kesler.  The notice of commencement of case advised creditors that the deadline for filing a complaint objecting to the general discharge of claims against Debtors or to determine the dischargeability of a particular debt was January 30, 2006.  Neither Dr. Kesler nor any other party in interest

---

[1] The relevant facts are not in dispute.  The issue presented is purely a question of law.  Thus, no hearing was held.

[2] The mailing address for Dr. Kessler is the same as the mailing address for Brookings Animal Clinic.

In re Richardson
April 3, 2006
Page 2

timely commenced an action objecting to Debtors receiving a general discharge order or to the dischargeability of a particular debt. On January 31, 2006, Debtors were granted a general discharge under § 727 of the Bankruptcy Code.[3]

On February 17, 2006, Debtors filed a Motion for Order Directing Clerk of Courts to Discharge Judgments Voided in Bankruptcy. Dr. Kesler's judgment was listed in Debtors' Motion. By letter dated March 29, 2006, Brookings Animal Clinic, through Dr. Sherwood J. Franklin, objected to Debtors' Motion.

**Discussion.**  Section 524(a)(1) of the Bankruptcy Code provides:

(a)  A discharge in a case under this title –

  (1)  voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived[.]

Section 524(a)(1) does not require the debtor to do anything to void a judgment. The discharge *automatically* voids any judgment that represents a determination of the debtor's personal liability for a debt that has been discharged.

Section 15-16-20 of the South Dakota Code establishes the procedure for removing, from the records of the clerk of court for the county in which it was docketed, any judgment that was voided in bankruptcy. When a debtor receives a bankruptcy discharge, he may file a motion in the bankruptcy court for an order listing each state court judgment that has been voided. Upon receipt of the Bankruptcy Court's order, the clerk of court for the county in which the judgment was docketed must enter it in the judgment docket. This has the effect of discharging the debtor's personal liability for each judgment listed from and after that date.

In this case, Brookings Animal Clinic received timely notice of Debtors' bankruptcy. The Clinic did not object to Debtors' general discharge or to the dischargeability of its particular claim prior to the January 30, 2006, deadline. Therefore, the Clinic's claim was discharged

---

  [3]  This order was amended on March 31, 2006, to add some business names formerly used by Debtors.

In re Richardson
April 3, 2006
Page 3


on January 31, 2006.  The Clinic's judgment was voided on that same date.  Accordingly, Debtors are now entitled, through this present motion and applicable state law, to have Brookings Animal Clinic's judgment discharged on the state court's records.

The order that will be entered will only discharge Debtors' *personal* liability on the judgment that Dr. Kesler obtained.  Any judgment lien that may have attached to real property owned by Debtors on the judgment date (and still owned on the bankruptcy petition date) is not affected.  Only a separate motion by Debtors under 11 U.S.C. § 522(f) could affect a judgment lien.

The Court will enter an appropriate order.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

cc:  case file (docket original; copies to parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the attached service list.

Charles L. Nail, Jr.
Clerk, U. S. Bankruptcy Court
District of South Dakota

**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

Sherwood J. Franklin, D.V.M.
Brookings Animal Clinic
420 12th St. South
Brookings, SD 57006


Jerry W. Richardson
Sharon C. Richardson
308 Main Street
PO Box 85
Sinai, SD 57061